UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTONIO RUGGIA,

                Plaintiff,

-against-                                      9:05-CV-0217
                                                      (LEK/GHL)

KELLY S. KOZAK, Sex Offender Counselor at Auburn
Correctional Facility; RICHARD COX, Sergeant at Auburn
Correctional Facility; BRIAN O'DONNELL, Sex Offender
Program Supervisor at Auburn Correctional Facility;
J. McANANY, Deputy Superintendent of Administration at
Auburn Correctional Facility, R. NELSON, Deputy
Superintendent of Programs at Auburn Correctional Facility;
J. BURGE, Superintendent of Auburn Correctional Facility;
JOHN H. NUTTALL, Deputy Commission of Programs,
New York State Department of Correctional Services;
EDWARD J. McSWEENEY, Assistant Commissioner of
New York State Department of Correctional Services;
JOHN DOE, Director of Office of Guidance and Counseling,
New York State Department of Correctional Services;
GLENN S. GOORD, Commissioner of New York State
Department of Correctional Services,

                Defendants.

**DECISION AND ORDER**

       This matter comes before the Court following a Report-Recommendation filed on December 3, 2007, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 93).  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Antonio Ruggia ("Plaintiff"), which were filed on December 13, 2007.

1

Objections (Dkt. No. 94).

It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

The Report-Recommendation determined that the government's strong and legitimate interest in protecting a Department of Correctional Services (DOCS) employee outweighed the minimal intrusion into Plaintiff's limited Fourth Amendment interests.  Report-Rec. (Dkt. No. 93) at 30, 33. Plaintiff objects to this conclusion, asserting that the court improperly determined that he relinquished his expectation of privacy by signing a "Waiver of Partial Confidentiality."  Objections (Dkt. No. 94) at 5-7.

To trigger Fourth Amendment protections, a plaintiff alleging an unlawful government invasion must possess a subjective expectation of privacy that society is prepared to recognize as "reasonable."  Oliver v. U.S., 466 U.S. 170, 177 (1984); see also Covino v. Patrissi, 967 F.2d 73, 77 (2d Cir. 1992).  Because Plaintiff consented to the release of materials resulting from his participation in the Sex Offender Counseling Program *only* to entities supervising his release or providing treatment thereafter, he retained a limited subjective expectation of privacy.  Defs.' Rule 7.1 Statement (Dkt. No. 82, Attach. 6, Ex. F) at 9; see also Defs.' Rule 7.1 Statement (Dkt. No. 82, Attach. 6, Ex. I) at 11 (DOCS Deputy Commissioner acknowledging that waiver was "limited"). Further, the United States Supreme Court, as well as several states' legislatures and judiciaries, has

recognized that protecting patient-counselor confidentiality increases the effectiveness of counseling programs. Jaffee v. Redmond, 518 U.S. 1, 10 (1996) ("The psychotherapist privilege serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem."); see also Lile v. McKune, 224 F.3d 1175, 1191 (10th Cir. 2000) (listing state statutes and decisions protecting the communications of participants to sexual offender treatment programs) (overturned on other grounds). However, as Judge Lowe found, the state's interests in protecting a DOCS employee clearly justifies its minimal intrusion into Plaintiff's privacy interests—particularly in light of the place, circumstances, and scope of the search. See Report-Rec. (Dkt. No. 93) at 27-33.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 93) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Defendants' Motion for summary judgment (Dkt. No. 82) be **GRANTED** and that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   February 25, 2008
         Albany, New York

Lawrence E. Kahn
U.S. District Judge